WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pascual Gamboa,<br><br>    Plaintiff,<br><br>v.<br><br>George's Chicken Tempe LLC, *et al.*,<br><br>    Defendants. | No. CV-25-00781-PHX-JJT<br><br>**ORDER** |

At issue is Plaintiff Pascual Gamboa's Motion for Award of Attorneys' Fees and costs Against All Defendants (Doc. 18., Motion.) The Court will grant Plaintiff's Motion.

**I.      BACKGROUND**

In this case, Plaintiff alleged Defendants George's Chicken Tempe LLC, George Anderson and Tiana Awang, failed to pay Plaintiff wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 206(a) ("FLSA"), the Arizona Minimum Wage Act, A.R.S. § 23-363 ("AMWA"), and the Arizona Wage Act, A.R.S. § 23-350. After Plaintiff properly served Defendants, Defendants never appeared to defend this action. The Court entered default judgment in favor of Plaintiff, awarding him $2,700 in damages. (Docs. 13, 14, 16.) Plaintiff now requests his reasonable attorneys' fees and costs, and Defendants have not filed any responsive memoranda in opposition to the same. Pursuant to Local Rule 7.2(i), the Court may deem Defendants' failure to respond to Plaintiff's request for attorneys' fees and costs as consent to granting Plaintiff's Motion. Still, the Court independently reviews Plaintiff's Motion for compliance with Local Rule 54.2.

## II. ANALYSIS

Under Local Rule of Civil Procedure 54.2, a party seeking an award of attorneys' fees and related non-taxable expenses must show that the party is eligible and entitled to an award, and that the requested award is reasonable. LRCiv 54.2(c).

### a. Eligibility and Entitlement

A party's eligibility and entitlement to an attorneys' fees award depends on the applicable statutory, contractual, or legal authority "upon which the movant seeks an award." LRCiv 54.2(c)(1)–(2). Here, Plaintiff is eligible and entitled to recover his attorneys' fees under the FLSA, which provides that "[t]he Court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys' fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

### b. Reasonableness

To determine whether attorneys' fees are reasonable, courts apply the lodestar method. *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). The lodestar approach consists of two steps. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945–46 (9th Cir. 2007). "First, the court establishes a lodestar by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate," excluding from the requested amount "any hours that are excessive, redundant, or otherwise unnecessary." *Id.* (internal citation omitted). Then, in rare cases, "the district court may adjust the lodestar upward or downward using a multiplier based on facts not subsumed in the initial lodestar calculation." *Id.* (internal citation omitted). Local Rule 54.2(c) lists 13 factors the Court should consider when determining reasonableness, including time and labor, fees, and experience of counsel.

Plaintiff seeks $7,787.50 in fees already incurred, $707.61 in costs, and an additional $3,648.78 in prospective collection costs. In his Motion, Plaintiff has duly provided the Court with counsel's detailed billing records, representation agreement, and the other documentation supporting the request for fees and costs as required by Local Rule 54.2(d). (Doc. 18.1; Doc. 18-4; Doc. 18-5.)

Here, Plaintiff's attorneys' fees and costs are reasonable. Plaintiff's counsel, Clifford P. Bendau II, charged a rate of $445 per hour. Such a rate does not exceed the market rate and is not an unreasonable reasonable. *See* LRCiv 54.2(c)(3); *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Likewise, the number of hours expended by Mr. Bendau—17.5—is reasonable considering the time expended to prepare the complaint, default judgment, and the present motion, and effectuate service upon Defendant. There is no redundancy or lack of necessity in the work reported.

Turning to the other factors outlined in Local Rule 54.2(c), Plaintiff states that there were no novel or difficult legal issues presented by Plaintiff, Plaintiff's counsel was not significantly precluded from other work because of this representation, and Plaintiff's counsel's hourly rate is customary and sufficient given Plaintiff's counsel's experience in state and federal employment wage litigation. Therefore, there is no basis to adjust Plaintiff's attorneys' fees and costs award upward or downward. *See Kerr*, 526 F.2d at 70.

### c. Anticipated Collection Costs

The sole remaining issue is Plaintiff's request for prospective costs related to his effort to collect the Judgment from Defendants. In this District, courts have held that anticipated collection fees must be sufficiently supported. *Dunson v. RMH Franchise Corporation*, Case No. 4:23-cv-00148-RM, at Doc. 12, p. 4 (D. Ariz. Sept. 29, 2023); *Stamper v. Freebird Logistics, Inc.*, 2022 WL 4448457, at *4 (D. Ariz. Sept. 23, 2022).

According to the fee agreement that Plaintiff's counsel typically enters with Parker Law Firm P.L.C. (Parker Law) to assist in collection efforts, Parker Law charges a 25% contingency on all amounts recovered plus an additional $850 retainer fee. (Doc. 18-8; Doc. 18-9.) Based on this typical fee arrangement, Plaintiff adequately demonstrates that he will incur $3,648.78 in collection costs and fees. This requested amount is reasonable.

## III. CONCLUSION

In sum, Plaintiff has demonstrated eligibility and entitlement to attorneys' fees and costs in this matter as well as the reasonableness of the requested amount, and Plaintiff has complied with the Local Rule 54.2 in providing the required supporting documentation.

1  Accordingly, the Court will award Plaintiff $12,143.89 in reasonable attorneys' fees and
2  costs.
3       **IT IS THEREFORE ORDERED** granting Plaintiff's Motion for Attorneys' Fees
4  and Costs. (Doc. 18.)
5       **IT IS THEREFORE ORDERED** directing the Clerk of Court to enter Judgment
6  in the principal amount of **$12,143.89** for Plaintiff as and for his attorneys' fees and costs,
7  to be paid by Defendants jointly and severally, plus interest accruing at the statutory rate.
8  This case remains closed.
9       Dated this 16th day of September, 2025.

                                 Honorable John J. Tuchi
                                 United States District Judge